LEWIS B. HAMILTON, as Executor of and Trustee under the Will of LUCINDA D. PHILLIPS, Deceased, Respondent, *v.* LIBBIE H. MUNCIE, Individually and as Executrix of and Trustee under the Will of LUCINDA D. PHILLIPS, Deceased, et al., Appellants, Impleaded with Others.

*Hamilton* v. *Muncie*, 182 App. Div. 630, affirmed.

(Submitted November 25, 1919; decided December 9, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 6, 1918, modifying and affirming as modified a judgment of Special Term construing the will of Lucinda D. Phillips, deceased. The plaintiff and defendant Libbie H. Muncie are brother and sister, children of testatrix. During her lifetime the testatrix had assisted her daughter and her husband in the erection of a sanitarium at Nos. 117 and 119 Macon street, Brooklyn. The money for this purpose was raised by mortgages on the mother's property, which mortgages the Muncies agreed to carry. Among such loans was a mortgage for $3,000, upon the house at 767 Marcy avenue, the interest on which the Muncies paid during the testatrix's life. By the third clause of Mrs. Phillips' will she devised to her son Lewis, and his wife, " and to the survivor of them at my decease, my two houses and lots now known as Number 767 Marcy Avenue, and Number 352 Lexington Avenue, in said Brooklyn, with the appurtenances, absolutely and in fee, free and clear from all liens and encumbrances." After her death in May, 1903, the Muncies continued paying the interest. The original mortgage was called in 1906, when the Muncies, at their own cost, obtained a new loan and paid the interest thereon, and also promised to pay off the principal. In 1911 they refused further liability regarding this mortgage. Upon such refusal, this suit was brought for a construction of this third clause of the will, also to obtain a direction that the executors be required to pay off this mortgage, and that the Muncies

pay it together with the interest since 1911. After certain denials, the answer of the Muncies counterclaimed for the back payments of interest after the testatrix's death, and the expense of procuring a new mortgage. The answer of Mr. Hamilton, individually with his wife, prayed that if such mortgage with the interest payments be not repaid, then that the Hamiltons be adjudged to have a lien upon the Muncie premises at 117 and 119 Macon street to the extent of such $3,000 mortgage and interest. The court found that this $3,000 and the avails of certain other mortgages had been applied by the Muncies to the purchase and completion of their sanitarium. For the amount of this mortgage of $3,000 and such interest, a lien was decreed on the sanitarium property. The Appellate Division modified the judgment by directing that " the appellants should discharge the mortgage on plaintiff's property, in respect to which appellants are adjudged to be primarily liable, and, therefore, bound to exonerate the plaintiff, both as an executor and individually, from any liability thereon."

*Benjamin Cohn* for appellants.

*Henry L. Brant* for plaintiff, respondent.

*John W. Ockford* and *George B. Davenport* for defendants, respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, HOGAN, CARDOZO, POUND, McLAUGHLIN and ELKUS, JJ.